UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CORTEZ DETREE BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1267 SPM |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Cortez Bell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner recognizes that the petition is untimely, but he requests equitable tolling and argues that he is actually innocent. Having reviewed the petition and the state case file, the Court finds that petitioner has failed to show either that tolling is warranted or his innocence. However, before dismissing this case, the Court will provide petitioner another opportunity to argue for tolling of the limitations period.

On November 16, 2011, a jury found petitioner guilty of distribution of a controlled substance. *Missouri v. Bell*, No. 10CG-CR01763-01 (Cape Girardeau). The Court sentenced him to fifteen years' imprisonment. *Id.* The Missouri Court of Appeals affirmed, finding that he failed to preserve the issue for appeal and declining to review the claim for plain error. *Missouri v. Bell*, No. ED98162 (Mo. Ct. App.).

Petitioner filed a Rule 29.15 motion for post conviction relief. *Bell v. Missouri*, No. 13CG-CC00302 (Cape Girardeau). He did not turn himself over for custody, however. As a result, under Missouri's "escape rule," he was not entitled to post conviction proceedings. *See, e.g., Nichols v.*

*State,* 131 S.W.3d 863, 865 (Mo. Ct. App. 2004). The motion was dismissed on June 2, 2014, and petitioner did not file an appeal.

Petitioner filed this action on April 1, 2017. Therefore, the limitations period expired about two years ago. *See* 28 U.S.C. § 2244(d).

In the instant petition, petitioner argues that the trial court erred when it identified him as the person shown in a video selling a controlled substance to a confidential informant. He also argues that counsel was ineffective for failing to properly object to the court's statement. Finally, he claims he was not the person in the video and is actually innocent.

Petitioner argues for equitable tolling on the basis that his attorney told him, after his Rule 29.15 motion was dismissed, that he had no more available remedies. He believed his attorney, he says, and was not aware of any potential federal remedy.

Petitioner has not convincingly argued that he is entitled to equitable tolling or that he is actually innocent. Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50. However, ineffective assistance of counsel "generally does not warrant equitable tolling." *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) *abrogated on other grounds by Gonzalez v. Thaler*, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012); *see Walker v. Norris*, 436 F.3d 1026, 1032–33 (attorney's lack of knowledge of verification requirement on state petition); *Baker v. Norris*, 321 F.3d 769, 772 (attorneys' statement that "no other court would hear her case"); *Kreutzer v. Bowersox*, 231 F.3d 460, 463

(counsel's confusion about applicable statute of limitations). "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox*, 231 F.3d at 463.

Petitioner has shown neither that he diligently pursued his rights nor that an extraordinary circumstance prevented him from timely filing this action. Therefore, his argument fails.

A habeas petitioner may be entitled to avoid § 2244's limitation period if he can prove that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). However, a petitioner asserting actual innocence must have new evidence showing that no juror could have found him guilty if that evidence had been available at trial. *Id.* at 1935. Petitioner has not presented any new evidence pertaining to his actual innocence. As a result, his claim of actual innocence does not excuse the late filing of this case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner must show cause, no later than twenty-one (21) days from the date of this Order, why this action should not be summarily dismissed.

Dated this  11th  day of April, 2017.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE