UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CORTEZ DETREE BELL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:17-CV-1267 SPM |
| TROY STEELE, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Cortez Bell for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is barred by the statute of limitations, and it is denied.

On November 16, 2011, a jury found Petitioner guilty of distribution of a controlled substance. *Missouri v. Bell*, No. 10CG-CR01763-01 (Cape Girardeau). The Court sentenced him to fifteen years' imprisonment. *Id.* The Missouri Court of Appeals affirmed, finding that he failed to preserve the issue for appeal and declining to review the claim for plain error. *Missouri v. Bell*, No. ED98162 (Mo. Ct. App.).

Petitioner filed a Rule 29.15 motion for postconviction relief. *Bell v. Missouri*, No. 13CG-CC00302 (Cape Girardeau). He did not turn himself over for custody, however. As a result, under Missouri's "escape rule," he was not entitled to postconviction proceedings. *See, e.g., Nichols v. State,* 131 S.W.3d 863, 865 (Mo. Ct. App. 2004). The motion was dismissed on June 2, 2014, and Petitioner did not file an appeal.

Petitioner filed this action on April 1, 2017. Therefore, the limitations period expired about two years ago. *See* 28 U.S.C. § 2244(d).

In the instant Petition, Petitioner argues that the trial court erred when it identified him as the person shown in a video selling a controlled substance to a confidential informant. He also argues that counsel was ineffective for failing to properly object to the court's statement.

Petitioner argues for equitable tolling on the basis that his attorney told him, after his Rule 29.15 motion was dismissed, that he had no more available remedies. He believed his attorney, he says, and was not aware of any potential federal remedy. Moreover, after he was incarcerated, the jailhouse law clerks told him that he had no remedies in court because of the escape rule. He says he is not trained in the law and that the law library was inadequate for him to determine his legal right to federal habeas relief. He argues that the inadequacy of the law library was a barrier created by Respondent that impeded his ability to file this action in a timely manner.

Under the doctrine of equitable tolling, the statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50. However, ineffective assistance of counsel "generally does not warrant equitable tolling." *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) *abrogated on other grounds by*

*Gonzalez v. Thaler*, 132 S. Ct. 641 (2012); *see Walker v. Norris*, 436 F.3d 1026, 1032–33 (attorney's lack of knowledge of verification requirement on state petition); *Baker v. Norris*, 321 F.3d 769, 772 (attorneys' statement that "no other court would hear her case"); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (counsel's confusion about applicable statute of limitations). "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox*, 231 F.3d at 463.

The lack of Petitioner's legal training or knowledge does not excuse the late filing in this case. So, the inadequacy of the law library is not an extraordinary circumstance that stood in his way of filing this case. Poor advice, either from his attorney or from the prison law clerks, is also not extraordinary. These are ordinary instances of prison life. Petitioner had a duty to diligently pursue his rights. His response does not demonstrate that he fulfilled his duty. Therefore, the Petition is untimely.

Finally, Petitioner has failed to demonstrate that jurists of reason would find it debatable whether the Petition is untimely. Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

An Order of Dismissal will be filed forthwith.

Dated this 1st day of May, 2017..

                                                  _____
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE